Wilde J.,
in giving the opinion of the Court, said the second mortgage operated as an assignment of the equity of redemption as to every thing except the debt due to Gardner. The principle of property attached being in the custody of the law, applies to goods only, and not to real estate. If the officer should enter on real estate which he has attached, ejectment would lie against him. The equity of redeeming the first mortgage in this case was the property of the debtor, and was not in the custody of the law, and he had a right to sell it, subject only to the lien created by Gardner’s attachment. This was settled in the case of Bigelow v. Willson.[1]
The question then is, whether the officer, after satisfying Gardner’s execution, was bound to pay over the surplus to the other execution creditors of Hardy, or to the second mortgagee. It would have been competent to the legislature to have restrained the debtor from making an assignment of an equity of redemption after it has been attached ; but there is no such restraining clause in the statutes in question, and we cannot construe them as making an assignment of this kind invalid. This being the case, we think the legislature could not say that the property of one man should go to pay the debts of another. At any rate, such a provision is not to be implied. The statute of 1798, c. 77, directs that the surplus money remaining in the hands of an officer after satisfaction of an execution, shall be paid over to' the debtor, without *564 saying, “or to his assignee and it is contended that it must therefore be paid over to the debtor himself. If the debtor should, die however, it should undoubtedly be paid over to his executor or administrator, and yet that is not expressed in the statute. From the nature of the thing, where a right goes with land, the assignee of the land may enforce such right. This part of the case is attended with no difficulty, for the surplus will go to the assignee, whether, he is an executor or administrator, or one created by deed. But a difficulty arises out of the subsequent statute, which provides, that the officer shall apply the surplus to the discharge of other executions against the debtor. It is argued that this is a positive pro. vision which must be pursued, however equitable it might be for the officer to take a different course. But it is evident the legislature intended to provide for cases only-where the equity sold belonged to the debtor. It could not be intended that where he had parted with his property, it should still go to pay his debts. On every principle the surplus here was rightfully paid over to the assignee of the equity of redemption. It is said, however, that the value of the land exceeded the amount of the former incumbrances and of the second mortgage. We cannot consider that in the present case. This is an action brought on account of an officer’s not doing his duty in paying over the surplus proceeds of the sale of an equity of redemption to the assignee of the equity. The only way for the plaintiff to secure his debt, would have been to cause the equity of redeeming the second mortgage to he sold on execution. It was not the officer’s fault that this was not done.

Verdict set aside and plaintiff nonsuit.

 See also Reed v. Bigelow 5 Pick. 281.